

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

## NO. PD-1111-08

---

### WESLEY CHARLES JOSEPH, Appellant

### v.

### THE STATE OF TEXAS

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRTEENTH COURT OF APPEALS BEXAR COUNTY

---

**KELLER, P.J., filed a concurring opinion.**

I think that appellant's primary claim is that he did not waive his rights at all, rather than that his waiver was involuntary.[1]  Though he combines a *Miranda* argument with his Article 38.22

---

[1]  The Court believes that I am mistaken in this regard and that appellant's claim is that he did not make an "effective" waiver, "not that he did not waive his rights at all." Court's op. at 8 n.6. In his petition's "Summary of Argument," appellant says, "The mere fact that Mr. Joseph signed and initialed a rights card does not demonstrate waiver, when Mr. Joseph signed at the express request of the interviewing officer who made no inquiry as to his intention to waive his constitutional and statutory protections."  In his argument on page seven of his petition, appellant says, "[N]othing in the record before the trial court when it ruled indicated that Mr. Joseph had in fact made such a waiver."  The first subheading contained in the argument section reads: "The Burden is on the State to Prove a Waiver of Constitutional Rights."  On pages eight and nine, appellant says, "Rather than having Mr. Joseph articulate any kind of waiver of his rights, or providing a written waiver, Detective Walsh simply established that Mr. Joseph read and spoke English and had never been arrested in Bexar County. . . ."  Further on page nine, appellant says, "At no time was there any effort

argument, I would address the arguments separately because of the additional requirements of Article 38.22.

The Court asks in footnote seven how to reconcile the timing requirements of Article 38.22 with *Butler* and our cases that follow *Butler*.[2]  In answering that question, the Court discusses both the oral-confession statute and the written-confession statute, so I shall as well.

Under Article 38.22, § 3(a)(2), an oral statement like appellant's is not admissible unless "prior to the statement but during the recording the accused is given [the statutory warnings] and the accused knowingly, intelligently, and voluntarily waives" them.  The order of proceedings is that the warnings are given, the rights are waived, and the confession is made.  Moreover, these three proceedings must appear in the recording itself.

Under Article 38.22, § 2, a written statement is not admissible unless prior to the statement, the accused is given the statutory warnings, and "prior to and during the making of the statement" the accused waives them.  "[P]rior to" the statement means that the rights must be waived before the written statement is signed.[3]  I think that, comparable to the requirement for oral statements that the waiver appear in the recording, "during the statement" simply means that the waiver must appear on

---

to secure a waiver from Mr. Joseph. . . ."  On page ten, applicant says, "[T]he document signed by Mr. Joseph was a mere iteration of his rights, not a waiver of them."  On page eleven, appellant states, "On appeal, Mr. Joseph argued that even if he was properly advised of his rights, he never actually waived those rights."  Finally, on page thirteen, appellant says, "Mr. Joseph [asks] this Honorable Court to clarify *Garcia*, that there must be an affirmative acknowledgment of the waiver of the rights set out in Article 38.22."  Both the language appellant uses and the substance of his argument indicate that appellant is claiming that no waiver occurred because he did not make an express statement that he waived his rights.

[2] *North Carolina v. Butler*, 441 U.S. 369 (1979).

[3] A written confession is not considered to have been obtained until it is signed. *Dowthitt v. State*, 931 S.W.2d 244 (Tex. Crim. App. 1996).

the written statement itself. In other words, the timing is to be the same for written and oral statements: warnings given, rights waived, and statement made; and the record (in whatever form) must document all three proceedings.

We held in *Barefield* that Article 38.22 § 3 did not require an express waiver of rights.[4] We also held that the record in that case supported the trial court's findings that Barefield implicitly waived his statutory rights before he confessed.[5] The same is true here. What appellant did and what he said, including the fact that he continued talking after being advised of his rights, is not the waiver itself; it is instead evidence of a prior waiver.

I join the Court's opinion, except for footnote seven.

DATE: February 24, 2010
PUBLISH

---

[4] *Barefield v. State*, 784 S.W.2d 38, 40 (Tex. Crim. App. 1989).

[5] *Id*. at p. 41.